IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

NATIONAL LABOR RELATIONS BOARD:

    Applicant,

v.                                              Misc. No. 05-

JOHN BOYD and ACTION TEMPORARY
EMPLOYMENT a/k/a ACTION
MULTI-CRAFT

    Respondent.

## MEMORANDUM IN SUPPORT OF
## MOTION FOR ORDER TO SHOW CAUSE

There is now pending before the National Labor Relations Board a compliance investigation under the National Labor Relations Act (29 U.S.C. 151 et seq.), herein called the Act, involving Action Temporary Employment a/k/a Action Multi-Craft, herein called Respondent. Thus, in *NLRB v. Action Temporary Employment a/k/a Action Multi-Craft.*, No. 02-3157 (3d Cir. 2002, enfg. 337 NLRB 268 (2001)), the National Labor Relations Board, herein called the Board, has issued an Order and the United States Court of Appeals for the Third Circuit has issued a Judgment enforcing that Order directing, Respondent inter alia, to pay back pay to certain employees.

In relation to the investigation described above, and to ascertain Respondent's liability for back pay, at the written request of a representative of the General Counsel, the Board, on December 2, 2004, did issue a subpoena duces tecum (B-438191) (attached to the Motion for Order to Show Cause as Exhibit 3) to John Boyd, Respondent's President and its agent. This subpoena required John Boyd to appear at the Board's Regional Office at 615 Chestnut Street, 7th Floor, One Independence Mall, Philadelphia, Pennsylvania on December 16, 2004, at 10:00 a.m.

and to bring with him certain records and documents. The subpoena was duly served upon John Boyd, at his home in Hockessin, Delaware as set forth in the subpoena.

Section 11(4) of the National Labor Relations Act and Section 102.113(a) of the Board's Rules and Regulations provide for personal service of subpoenas and the manner in which proof of such service can be shown. There is no dispute concerning service of the subpoena involved herein. The proof of service is attached to the Motion for Order to Show Cause as Exhibit 4.

Section 11(1) of the Act provides for a period of five days after such service within which any person served with a subpoena may petition the Board for its revocation. Neither John Boyd nor Respondent has filed a petition to revoke the subpoena, within five days after service of the subpoena, or at any time thereafter.

John Boyd did not appear before an Agent of the Board on December 16, 2004, and thus failed to produce any documents required by the subpoena. The documents requested by the subpoena are critical to the Board's on-going compliance investigation.

## ARGUMENT

### John Boyd Was Properly Served With, but Did Not Petition to Revoke the Subpoena

The subpoena was personally served on John Boyd. By failing to file a petition to revoke the subpoena, John Boyd is estopped from questioning the validity of the subpoena or the relevance of the evidence requested. *NLRB v. Frederick Cowan*, 522 F. 2d 26, 28 (2d Cir. 1975); *Maurice v. NLRB*, 691 F. 2d 182, 183 (4th Cir. 1982); *but see EEOC v. Cuzzins of Georgia, Inc.*, 608 F. 2d 1062, 1063 (5th Cir. 1979) (constitutional defense not waived).

### The Subpoena is for a Lawful Purpose

A district court should enforce an agency subpoena if the subpoena is for a proper purpose, the information sought is relevant to that purpose, and statutory procedures are observed. *United States v. Powell*, 379 U.S. 48, 57-58 (1964) *cited* in *NLRB v. Frazer*, 966 F.2d 812, 140 LRRM 2664, 2666 (3d Cir. 1992). The Supreme Court, in *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501 (1943), and *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186 (1946), set forth the standards governing judicial enforcement of administrative subpoenas. Duly issued subpoenas are to be enforced if the agency is seeking information "not plainly incompetent or irrelevant to any lawful purpose." *Endicott Johnson*, supra at 509; *see also NLRB v. Alaska Pulp Corp.*, 149 LRRM 2684, 2687 (DC Cir. 1995). The essential requirement for both the issuance and enforcement of a Board subpoena is that the production of the evidence or the giving of the testimony called for must relate to a "matter under investigation or question." §§(1) and 11(2) of the Act. *NLRB v. Rolen*, 385 F.2d 52, 55-56 (7th Cir. 1967); *NLRB v. Williams*, 396 F.2d 247, 249 (7th Cir. 1968); *see also NLRB v. Interstate Dress Carriers, Inc.*, 610 F.2d 99 (3d Cir. 1979); *Cudahy Packing Co. v. NLRB*, 117 F.2d 692 (10th Cir. 1941); *NLRB v. Martin's Ferry Hospital Association*, 649 F.2d 445 (6th Cir. 1981). The evidence sought may relate to pre-complaint proceedings or, as is the case herein, to the enforcement phase of the proceedings. *NLRB v. Alaska Pulp Corporation*, supra.

As the United States Court of Appeals for the Third Circuit has stated:

> …the burden on a party seeking to dodge compliance with a subpoena is not a meager one." *NLBR v. Interstate Dress Carriers, Inc.*, 610 F.2d 99, 112 (3d Cir. 1979). Such a party must come forward with facts suggesting that the subpoena is intended solely to serve purposes outside the purview of the jurisdiction of the issuing agency.

3

*NLRB v. Frazer*, 140 LRRM at 2670.

The subpoena involved herein requires John Boyd to appear and produce the specified records and documents for the Board's examination. Receipt of this testimony and review of these records and documents will enable the Board to take steps to obtain satisfaction of its Order and of the enforcing Judgment. During the compliance investigation, John Boyd took the position that the Respondent's business has closed. The issues concerning Respondent's ability to meet its back pay obligation must be determined. In addition, the subpoenaed information is needed to establish the amounts of gross and net back pay Respondent is required to pay 20 employees named in the Board's Order. Thus, it is submitted that the subpoenaed information satisfies the requirement that the evidence relate to a matter under investigation or question, in this case whether and to what extent Respondent has a back pay liability to certain employees.

The Courts have upheld the authority of the Board under §11 of the Act to compel the production of information for the purpose of allowing the Board to determine Respondent's financial ability to meet its remedial obligations under its Judgment. *See NLRB v. D.L. Baker*, 166 F.3d 333, 1998 WL 827373 (4th Cir. VA 1998); *NLRB v. CCC Associates*, 306 F.2d 534, 537-540 (2d Cir. 1962); *NLRB v. Thayer, Inc.*, 201 F. Supp. 602, 603-604 (D. Mass. 1962).

## CONCLUSION

The conduct of John Boyd in refusing to appear and produce all documents requested in the subpoena frustrates the Board's ability to perform its lawful duties. Mr. Boyd, like others involved in proceedings before administrative agencies of the United States, should be compelled to obey lawfully issued subpoenas, and should not be allowed to evade his responsibilities. As the subpoena was duly issued, and as it seeks testimony, records and documents properly within

the scope of the Board's authority, the Board respectfully asks the Court to issue the Order requiring Respondent to obey the subpoena.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: *[signature]*
Douglas E. McCann
Assistant United States Attorney
Delaware Bar I.D. No. 3852
The Nemours Building
1007 Orange Street, Suite 700
Wilmington, DE 19899-2046
Tel: 302 573-6277
Fax: 302 573-6220
Douglas.McCann@usdoj.gov

By: *[signature]*
Margarita Navarro-Rivera
Attorney for Applicant
National Labor Relations Board
615 Chestnut Street
One Independence Mall, 7th Floor
Philadelphia, Pennsylvania 19106
(215) 597-7647
(215) 597-7658 (Fax)

Dated: April 13, 2005